# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>MINDEN SEAFOOD, LLC AND DORCHEAT SEAFOOD, LLC,<br><br>DEFENDANTS. | CIVIL ACTION<br>NO. 5:25-CV-00300<br><br><br>JUDGE TERRY A. DOUGHTY<br><br>MAGISTRATE JUDGE KAYLA D. MCCLUSKY |

## CONSENT DECREE

### Introduction

The Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against the Defendants, Minden Seafood, LLC and Dorcheat Seafood, LLC ("Defendants") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and unlawful retaliation and to provide appropriate relief to Tiffany Frankel. The EEOC's complaint alleged that Defendants discriminated against Ms. Frankel because of her sex by subjecting her to sexual harassment and retaliating against her for opposing the practice. The EEOC's complaint arose from Ms. Frankel's charge of discrimination ("charge"), alleging the same. Prior to filing its complaint, the EEOC issued a letter of determination ("determination"), stating that there was reasonable cause to believe that Defendants violated Title VII. The EEOC issued a notice of conciliation failure after it was unable to secure a resolution acceptable to it.

## Jurisdiction & Venue

In the interest of avoiding the costs, uncertainties, and burdens of further litigation, and having engaged in negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action was authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within venue of this Court pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

The parties agree that this Court has personal jurisdiction over them. Defendants agree that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law. The parties have signed this Decree, which, upon filing, will have been proposed to the Court for entry by joint motion to memorialize the parties' agreement to resolve this matter through settlement.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ORDERED, ADJUDGED, AND DECREED**:

## General

1. This Decree resolves all claims and issues raised in Ms. Frankel's charge, the EEOC's determination regarding that charge, and the EEOC's complaint in this action.

2. This Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against Defendants.

3. The parties will each bear any costs and attorneys' fees they incurred in connection with this action, except that Defendants may be required to bear any costs and attorneys' fees the EEOC incurs in enforcing this Decree. Defendants will bear all costs and attorneys' fees necessary for them to comply with this Decree.

4. This Decree constitutes a judgment against Defendants.

5. This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree.

6. This Decree represents the complete understanding among the parties regarding the matters discussed herein.

7. If one or more provisions of this Decree are deemed or rendered unlawful or unenforceable, the parties must attempt to meet and confer in good faith to decide if and how such a provision must be amended to effectuate its purposes. In any event, the unaffected provisions of the Decree will remain enforceable.

8. The parties agree to take all steps necessary to effectuate the terms and conditions of this Decree. A party seeking to amend or enforce the Decree must attempt to meet and confer with the others in good faith before making a request that the Court amend or enforce the Decree.

## Definitions

9. The following definitions apply herein:

    A. Defendants means and refers to the Defendants Minden Seafood, LLC and Dorcheat Seafood, LLC, and their predecessors, successors, and assigns.

3

B. "EEOC" means the Plaintiff, the U.S. Equal Employment Opportunity Commission, an agency of the United States.

C. "Parties" mean the EEOC and Defendants.

D. "Charge" or "charge of discrimination" means Ms. Frankel's charge of discrimination, No. 461-2022-00298.

E. "Ms. Frankel" means Tiffany Frankel, the Charging Party who filed the charge of discrimination.

F. "Days" means calendar—not business—days unless otherwise specified herein.

G. "Effective date" or "date of entry" means the date the Court enters this Decree.

H. "Court" refers to the United States District Court for the Eastern District of Louisiana.

I. "Consent Decree" and "Decree" mean this Order.

J. "Liaison" means the representative appointed by Defendants to ensure their compliance with the terms and conditions of this Decree and to act on their behalf and with their authority with respect to any and all of the terms and conditions of the Decree.

## Duration

10. This Consent Decree will remain in effect for a period of four (4) years from the date of its entry.

## Scope

11. This Decree applies to all businesses and locations operated by Defendants.

## Payments

12. Defendants, on its own or through its designee, must pay monetary relief totaling $34,000, less applicable tax-related withholdings required by law ("settlement amount) to settle

4

the claims asserted by EEOC in its Complaint. Such payments, as detailed below, must be made to Tiffany Frankel.

13. The EEOC has unilateral discretion to decide the allocation of the total settlement amount as described herein. In particular, the EEOC has sole discretion to determine the individual backpay and 42 U.S.C. § 1981a damages amounts Defendants must pay to Ms. Frankel.

14. The EEOC will provide Defendants' attorneys of record with allocations from the settlement amount for (a) the individual backpay amount Defendants must pay Ms. Frankel, (b) the individual damages amount (pursuant to 42 U.S.C. § 1981a) Defendants must pay Ms. Frankel, and (c) a Release (attached hereto as Exhibit A) executed by Ms. Frankel.

15. Defendants must pay Ms. Frankel the individual amounts by wire transfer.

16. Within seven (7) days of receiving from the EEOC (a) the allocations from the settlement amount for the individual backpay amount Defendants must pay Ms. Frankel and the individual damages amount (pursuant to 42 U.S.C. § 1981a) Defendants must pay Ms. Frankel, (b) the details of Ms. Frankel's bank account to which the wire transfer will be made, and (c) a Release executed by Ms. Frankel, Defendants must pay Ms. Frankel those individual amounts.

17. Defendants may make tax-related withholdings from the backpay amount, but Defendants must not make withholdings from the damages amount under 42 U.S.C. § 1981a. Any withholdings must be itemized in a statement, delivered to EEOC and Ms. Frankel on or before the date the payment is made.

18. Defendants must make all applicable withholdings from the amount allocated to backpay for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("FICA"), and Defendants will be solely responsible for paying the employer share of any costs, taxes, or Social Security required by law. Defendants will

issue an IRS Form W-2 as to Ms. Frankel's backpay amount and will issue withholding statements detailing all legal withholdings made at the time that payment is made. Defendants will also issue an IRS Form 1099 for the individual damages amount and must make no withholding from this amount.

19. Defendants on its own or through its designee, must also timely send any and all appropriate U.S. Internal Revenue Service forms (for instance, forms W-2 and 1099) to Ms. Frankel via regular U.S. mail at the address on the Release.

20. Reporting: Within one (1) business day of initiating the wire transfer to Ms. Frankel, Defendants must notify the EEOC, in writing in the manner specified for notice under this Decree, that the wire transfer has been initiated. Within one (1) business day of the EEOC's receiving notice of Ms. Frankel's receipt of the wire transfer, the EEOC must send written notice confirming receipt to counsel for Defendant by email.

## EEOC's Reporting Requirements under Internal Revenue Code Sections 162(f) and 6050X

21. The EEOC has made no representations whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

22. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

23. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

24. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

25. So that the EEOC can comply with its reporting requirements to the IRS, within ten (10) days of the entry of the Decree, Defendant shall provide the EEOC with (a) Defendant's EIN, and (b) the full name of the individual and the physical address to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one. The identified individual must be an employee of Defendants.

### Prohibition on Nondiscriminatory Practices

26. Defendants must take all affirmative steps to ensure that it does not discriminate based on sex in hiring, firing, or in the terms and conditions of employment and that it does not subject any employee to a hostile work environment on the basis of their sex.

27. Defendants are hereby enjoined from engaging in, encouraging or permitting conduct that discriminates against employees on the basis of sex, including but not limited to discriminatory hiring, firing, discriminating in the terms and conditions of employment or subject any employee to a hostile work environment on the basis of their sex.

28. Defendants is hereby enjoined from retaliating against any employee or applicant who (1) has filed any charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, or (4) has engaged in protected activity under Title VII, including but not limited to opposing or resisting sexual harassment.

### Liaison

29. Within thirty (30) days of the entry of this Decree, Defendants must designate a liaison, and within thirty (30) days of the removal, resignation, or incapacitation of that or a subsequent liaison, Defendants must designate another liaison. The liaison must be a senior manager or officer of Defendants who possesses the knowledge, capability, and resources to ensure

that Defendants complies with Title VII of the Civil Rights Act of 1964 and the terms and conditions of this Decree.

30. Defendants must designate the liaison by providing the EEOC with a declaration from Defendants' managing member that states the liaison's name, job title, mailing address, email address, and telephone number and which states that (a) Defendants have assigned the liaison responsibility for ensuring that Defendants comply with Title VII of the Civil Rights Act of 1964 and the terms of this Decree, (b) that the liaison has authority to act on Defendants' behalf with regard to the Decree, (c) that any act or failure to act by the liaison will be attributable to Defendants, and (d) that the liaison directly reports to and is supervised by Defendants' managing member.

31. Within forty-five (45) days of designating a liaison, Defendants must provide the liaison with a two-hour, in-person, training session on Title VII of the Civil Rights Act of 1964 and the terms and conditions of the Decree, to be conducted by an attorney with at least five years' experience in employment discrimination practice.

32. Reporting: Within fifteen (15) days of the training session, Defendants must provide the EEOC with a declaration by the liaison affirming that the liaison attended the training session and is familiar with the terms and conditions of the Consent Decree.

### Reports

33. Within forty-five (45) days after the first anniversary of the entry of the Decree and at least thirty (30) days before each subsequent anniversary of the entry of the Decree, Defendants must, through the liaison, provide the EEOC with a report containing, but not limited to, the following:

34. A declaration by the liaison affirming that Defendants have complied with all terms and conditions of the Decree or, if they have not, explaining why they have not and how they will

8

remedy their failure to comply. The declaration must itemize all steps taken under this Decree since the entry of the Decree or the submission of the prior report, whichever is later.

35. All anti-discrimination and anti-retaliation policies enacted, modified, or revoked since the last report.

36. A declaration by the liaison affirming that that all employees have received the policies required under this decree.

37. A list of all employees who received training required under this Decree containing the employees' names, job titles, facility, and the date, time, and location that they received the training.

38. A list of all employees who did not receive training required under this Decree containing the employees' names, job titles, and facility.

39. All materials related to any report or complaint — whether formal or informal, written or oral — regarding discrimination based on sex made to Defendants.

### References

40. If asked for a job reference regarding Ms. Frankel, Defendants (a) must not discuss, mention, or allude to in any way—directly or indirectly—this litigation or the circumstances underlying this litigation and (b) must provide a response which is at least as favorable as that which it gives to any former employee whose employment concluded voluntarily and on favorable terms.

### Personnel Files

41. Defendants must exclude from Ms. Frankel's personnel file, segregate, and keep confidential, anything related to this litigation or the circumstances underlying this litigation.

9

42. Defendants Minden Seafood, LLC and Dorcheat Seafood, LLC, and their predecessors, successors, and assigns are prohibited from re-employing Jeremy Wesson and Ledderick "Bubba" Edwards in any capacity.

### Training

43. Within 120 days of the entry of the Decree and at least 60 days before each anniversary of the entry of the Decree, Defendants must provide each of its employees with a two-hour training advising them of the requirements and prohibitions of the various anti-discrimination laws and regulations enforced by the EEOC, with emphasis on the Title VII, specifically to include the following:

    A. Summary of the EEOC's Complaint and this Consent Decree.

    B. The purpose and fundamentals of Title VII.

    C. Employees' and applicants' rights under Title VII.

    D. Defendants' responsibilities under Title VII, including an explanation of the prohibition on discrimination against persons on the basis of sex, including sexual harassment.

    E. The policies described in paragraph 46 of this Decree.

    F. Procedure for reporting discrimination and retaliation to Defendants.

    G. Procedure for reporting discrimination and retaliation to the EEOC.

44. The training sessions for owners, managers, and supervisors must be in person or via live videoconference in which all participants are able to simultaneously hear and see the presenter (and any slides) and the presenter is able to simultaneously hear and see all participants and in which participants are able to ask questions and the trainer is able to provide contemporaneous answers.

45. The training sessions for employees without management or supervisory responsibilities may be pre-recorded.

46. Within thirty days of hiring a new employee, Defendant must provide the new employee with a two-hour training advising them of the requirements and prohibitions of the various anti-discrimination laws and regulations enforced by the EEOC, with emphasis on the Title VII, specifically to include the topics in paragraphs 42(A)-(G). The training may be pre-recorded.

47. At least 60 days before each training session, Defendants must provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials for the training. The trainer must be either counsel of record herein for Defendant or an attorney with at least five years' experience in employment discrimination practice. The EEOC may reject the trainer, the outline, or the materials within 14 days. If the EEOC does so, Defendants must provide the EEOC with the name and resume of a new trainer, a new outline, and/or new materials, as necessary, within 7 days. The EEOC then may have another 7 days from the date of the receipt of the information to accept or reject the alternative trainer, curriculum, or materials.

48. Reporting: Within 15 days after each training session, Defendants must provide the EEOC with a sign-in registry for the training session and a declaration by the liaison affirming that all employees attended the training session.

## Policies

49. Beginning within 90 days from the entry of this Decree, Defendants must reduce to writing and maintain a policy or policies that, at a minimum, meets the following criteria:

    A. Must prohibit discrimination and retaliation against any employee and/or applicant in violation of the Title VII.

    B. Must prohibit any act, policy, or practice that has the effect of discriminating or retaliating against any employee and/or applicant in violation of the Title VII. The

11

policy must explain that Title VII prohibits discrimination on the basis of sex, including sexual harassment. The policy must explain that Defendants will not tolerate harassment and will not discriminate against any employee who reports workplace harassment.

C. Must provide a process for employees and applicants to report or complain about discrimination and retaliation prohibited by Title VII and provide a process by which Defendants will investigate and resolve all such reports and complaints.

D. Must provide that a senior manager will oversee an investigation into and resolution of all reports and/or complaints about discrimination and retaliation prohibited by Title VII.

E. Must provide that anyone who engages in discrimination or retaliation prohibited by Title VII will be disciplined, up to and including discharge.

50. Defendants must distribute copies of the policy or policies to all employees within 90 days from the entry of this Decree. A copy of the policy or policies must be included in any relevant company or employee manual or handbook, and must be provided and explained during any new employee onboarding process. The policy or policies must be kept and maintained in a conspicuous and accessible place for all employees.

51. Reporting: Within 15 days of implementing, modifying, or revoking any such policy, Defendants must provide the EEOC with the policy.

## Records

52. Defendants must preserve and maintain all materials, electronic or otherwise, that are relevant to this action, regardless of whether they are discoverable or admissible in this action.

53. Defendants must preserve and maintain all materials, electronic or otherwise, relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

54. Defendants must comply with the recordkeeping and reporting requirements under federal law, including those contained in the statutes and regulations enforced by the EEOC. The express recordkeeping and reporting obligations imposed by this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by law.

## Monitoring

55. Defendants, for the duration of this Decree, will make all employees available for interviews, upon request by the EEOC on reasonable notice, for purposes of determining and/or monitoring Defendants compliance with this Decree.

56. Defendants must comply with all reasonable requests by the EEOC for materials which are related to its monitoring of compliance with this Decree.

## Communication

57. Defendants will send all communications (including, but not limited to, all notices, reports, information, declarations, etc.) related to or required by this Decree to the EEOC through the Liaison or Defendants' attorneys of record via email to **all** of the following addresses:

> mary.blacksherranier@eeoc.gov
> elizabeth.owen@eeoc.gov
> peter.theis@eeoc.gov
> jacqueline.barber@eeoc.gov
> gregory.juge@eeoc.gov
> alberto.carrion@eeoc.gov

(The EEOC may, from time to time, unilaterally add or remove addresses from this list or alter the method by which it seeks to receive such communications.) Only an acknowledgment from the

EEOC via email (or regular United States mail) constitutes proof of receipt of such communications.

### Postings

58. Within ten (10) days of the entry of this Decree, Defendants must post a Notice to Employees, attached hereto as Exhibit B, enlarged to at least 11 by 17 inches, in all locations in the place where other notices to employees and/or applicants are customarily posted. It must remain there for the duration of this Decree.

### Successors

59. Defendants must provide notice to the EEOC within thirty (30) days after any acquisition or merger or change in ownership or membership of Defendants, and must provide a copy of this Decree to any natural or juridical person acquiring, merging with, or becoming an owner, member, or manager of Defendants prior to the effective date of such acquisition, merger, ownership, management, or membership.

### Enforcement

60. The EEOC may seek immediate relief at any time from the Court if Defendants fail to comply with any term or condition of the Decree. If the EEOC requests such relief and the Court determines that Defendants failed to comply with any such a term or condition, the Court may (1) fine them, (2) hold them, as well as their owners, managers, and agents, in contempt, (3) set aside this Decree, reinstate this action, and set this action for trial, (4) provide any other relief available under the Decree or the law; and (5) take any other action the Court deems necessary and appropriate, including an award of costs and attorneys' fees.

61. The parties and the Court agree that if the Court finds Defendants to have willfully violated the Decree, the Court is empowered to impose fines which the Court deems consistent with the purposes of Title VII and within the powers of the Court to enforce its orders.

**Enforcement**

62. As a condition of this settlement, the District Court will retain jurisdiction to enforce the terms of this Consent Decree.

In Shreveport, Louisiana, this \_\_\_28th\_\_\_ day of \_\_\_January\_\_\_, 2026.

_____
UNITED STATES DISTRICT JUDGE

# Exhibit A

## Release

      In consideration for _____ less applicable tax-related withholdings required by law paid to me by Defendants, in connection with the resolution of *U.S. Equal Employment Opportunity v. Minden Seafood, et. al*, No. 24-2360 (E.D. La.), I, Tiffany Frankel, waive my right to recover for any claims arising under Title VII that I had against Defendants prior to the date of this release and that were included in the claims alleged in U.S. Equal Employment Opportunity Commission's complaint in the above-referenced action.

This _____ day of _____, _____;
      DAY                   MONTH      YEAR

                    **SIGNATURE**: _____

                    **ADDRESS:** _____

                                    _____
                                    CITY         STATE       ZIP CODE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans Field Office**

500 Poydras St., Room 809
New Orleans, LA 70130
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New Orleans Direct Dial: (504) 635-2531
FAX (504) 595-2884
Website: www.eeoc.gov

**Exhibit B**
**Notice to Employees**

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *E.E.O.C. v. Minden Seafood, LLC and Dorcheat Seafood, LLC,* No. 24-2360 (E.D. Louisiana) based on a negotiated resolution between the parties.

Title VII of the Civil Rights Act of 1964 ("Title VII") protects individuals from employment discrimination because of sex, including sexual harassment. Minden Seafood and Dorcheat Seafood will not condone employment discrimination or harassment of any kind as set forth in federal anti-discrimination laws. It is the policy of Minden Seafood and Dorcheat Seafood, to treat employees equally, regardless of sex, race, color, religion, national origin, age, disability, or pregnancy status. Minden Seafood and Dorcheat Seafood adheres to its policy of prohibiting discrimination and harassment in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act ("ADEA"), the Genetic Information Non- Discrimination Act ("GINA"), the Equal Pay Act ("EPA") of 1963, and/or the Americans with Disabilities Act ("ADA").

Minden Seafood and Dorcheat Seafood also assures its employees that its commitment to following these federal laws includes not taking any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Minden Seafood and Dorcheat Seafood will take appropriate corrective action against any employee (including management personnel) or independent contractor found to have violated its policy prohibiting discrimination and retaliation in any form.

If you believe you or another applicant or employee have been discriminated or retaliated against, please contact the EEOC:

*Address*: Attn: Legal Unit
U.S. Equal Employment Opportunity Commission
500 Poydras Street, Suite 809
New Orleans, LA 70130
*Telephone*: 504-635-2533
*E-mail*: elizabeth.owen@eeoc.gov, peter.theis@eeoc.gov, jacqueline.barber@eeoc.gov, mary.blacksherranier@eeoc.gov, or gregory.juge@eeoc.gov
*Website*: www.eeoc.gov

This Notice to Employees must remain posted continuously by Minden Seafood and Dorcheat Seafood for three years from the date stamped in the header above. This Notice to Employees must not be altered, defaced, removed, or covered.